IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| EZ EXIT NOW, LLC., § | |
| Plaintiff, § | |
| vs. § | |
| § | C.A. NO. _____ |
| JOSE MICHAEL BUCHANAN, § | |
| RICHARD ALLEN PARSONS, JR. § | |
| EZ EXIT, LLC., § | |
| Defendant. § | |

**PLAINTIFF'S COMPLIANT FOR TRADEMARK INFRINGEMENT AND APPLICATION FOR EMERGENCY EXPARTE TEMPORARY INJUNCTION**

**COMES NOW**, **EZ EXIT NOW, LLC.**, Plaintiff ("Plaintiff') asserts claims against **JOSE MICHAEL BUCHANAN, RICHARD ALLEN PARSONS, JR.** and **EZ EXIT, LLC.** Defendants ("Defendants") for trademark infringement under state law, violation of the Texas Anti-Dilution statute, false designation of origin, injury to business reputation and/or trademarks, common law unfair competition, and seeks a permanent injunction, damages, and attorney's fees and costs, and such other relief as the Court deems just and proper.

**I. PARTIES**

1. Plaintiff, **EZ EXIT NOW, LLC.**, is a corporation duly incorporated in the State of Texas and is doing business in Harris County, Texas.

2. Defendant, **JOSE MICHAEL BUCHANAN,** is a resident of the County of Harris, State of Texas, is an owner of Plaintiff Ez Exit, LLC and can be served at 21395 Neely Drive, Flint, Texas 75762.   Citation is requested at this time.

3. Defendant, **RICHARD ALLEN PARSONS, JR.,** is a resident of the County of Harris, State of Texas, is an owner of Plaintiff Ez Exit, LLC and can be served at 1105 W

Chestnut St, Denison, Texas 75020. Citation is requested at this time.

4. Defendant, **EZ EXIT, LLC,** is a corporation duly incorporated in the State of Arkansas and is doing business in Texas and can be served through its registered agent Corporate Service Center, Inc., at 5605 Riggins Court, Suite 200, Reno, Nevada 89502. Citation is requested at this time.

### III. VENUE AND JURISDICTION

4. The Court has original subject matter jurisdiction over federal Lanham Act claims pursuant to 15 U.S.C. 1125, and 28 U.S.C. 1331 and 1338. The Court has supplemental jurisdiction over the Texas State law claims pursuant to 28 U.S.C. 1367(a) because those claims are so closely related to the federal claims brought herein as to form part of the same case or controversy.

5. The Court has personal jurisdiction over Defendants because, on information and belief, Defendants have deliberately directed activities to Texas in the form of interactive websites that are integral to their business, i.e., www.ezexitllc.com ("Defendants' Website"). (Plaintiff includes pages from Defendants' Websites as Exhibit D.) Through its website, Defendants use the Ez Exit mark to conduct transactions with persons in Texas. (Exhibit A, D) Through their websites, and in connection with the Ez Exit mark, Defendants solicit business in the area of negotiating and terminating time shares. (Exhibit C and D)

6. Upon information and belief, venue is proper in this district pursuant to 28 U.S.C. § 1391 (b) & (c). Each Defendant is subject to personal jurisdiction in the State of Texas at the time this action commenced. Its contacts are substantial enough with the State of Texas to subject it to personal jurisdiction. Further, each Defendant committed acts within the district that give rise to this action.

## IV. FACTS

6. Plaintiff is a business that deals in the sell back of timeshares. Plaintiff Ez Exit works with individuals who have purchased time shares with the seller of the time share in terminating the contract and releasing the purchaser from the contractual obligations. Plaintiff Ez Exit Now, LLC is a limited liability company that does not subcontract or work with other corporations in regard to their timeshare business. Plaintiff Ez Exit Now, LLC was incorporated in July 31, 2014, with their primary place of business located in Harris County, Texas. (See Exhibit "B")

7. Defendants **JOSE MICHAEL BUCHANAN, RICHARD ALLEN PARSONS, JR.** and **EZ EXIT, LLC.** is a limited liability company that was organized under the laws of Arkansas in June 2021, with a stated purpose of "meeting with referral clients in regard to titles transfers and membership, transfers of their vacation ownership programs." Defendants then registered their limited liability company in Texas, with an expected start date of June 30, 2021. The owners of the corporation are Texas residents and have been prior to the create of the Arkansas corporation. (See Exhibit "C")

7. Plaintiff has used the **EZ EXIT NOW** trademarks (the "**EZ EXIT NOW** trademark") since February 11, 2020.

8. Plaintiff is the lawful owner of US Registration Number 5981647, serial number 88493257, registered February 11, 2020, for the **EZ EXIT NOW** mark for:

> Assisting timeshare owners in getting out of their timeshare contracts by negotiating contracts with timeshare resorts and filing timeshare transfer documents.
>
> First use 20130101.
>
> First Use in Commerce 20131105

9. For nearly 7 years, Plaintiff has developed a number of proprietary products and services. Since February 11, 2020, Plaintiff has continuously maintained exclusive rights over the **EZ EXIT NOW** trademark. Plaintiff currently operates in almost every state and continuously carries on a national marketing campaign.

11. Plaintiff has invested significant funds in promoting goods and services associated with the **EZ EXIT NOW** trademark throughout the United States.

12. The **EZ EXIT NOW** trademark is highly distinctive.

13. The **EZ EXIT NOW** trademark and the goodwill associated with it have become valuable assets of Plaintiff.

14. In addition to trademark registrations, Plaintiff owns various domain names which include " **EZ EXIT NOW** " such as (but not limited to) www.ezexitnow.com and www.ezexitnow.org.

15. Upon information and belief, each Defendant has infringed upon and has used the **EZ EXIT NOW** trademark without express authorization from Plaintiff. Upon information and belief, as of the date of the filing of this complaint, each Defendant still infringes upon and uses the **EZ EXIT NOW** trademark without express authorization.

16. Upon information and belief, each Defendant has used the **EZ EXIT NOW** trademark in connection with products and services in a manner that creates a likelihood of confusion. Further, upon information and belief, each Defendant does business within states where Plaintiff also does business. Upon information and belief, there is a high likelihood that the continued use and promotion by each Defendant of the **EZ EXIT NOW** trademark will cause additional confusion in the marketplace as to the source of the goods and services provided/offered by Plaintiff and each Defendant. The overlap in services and

customers and the confusingly similar names and marks is likely to cause confusion and from information and belief has caused confusion.

## V. CAUSES OF ACTION

### A. CLAIM ONE

### INFRINGEMENT OF FEDERALLY-REGISTERED TRADEMARK

17. As described in this Complaint, each Defendant has infringed upon Plaintiff's registered trademark in interstate commerce by various acts; including, without limitation, the adoption of the mark and the solicitation and all work in getting out of time shares, in connection with the infringing mark.

18. Defendants' adoption and use of the infringing marks is without permission or authority from Plaintiff and has caused and is likely to and has caused confusion, mistake and/or intended to deceive those in the relevant market.

19. Each Defendant has adopted and used the infringing marks in connection with time share negotiations and transfer documents and services with constructive notice of the Plaintiffs registration under 15 U.S.C. 1072.

20. By engaging in the complained-of conduct, each Defendant used in commerce, without the consent of Plaintiff, a reproduction, counterfeit, copy or colorable imitation of the registered trademark and/or reproduced, counterfeited, copied or colorably imitated the registered trademark or applied a reproduction, counterfeit, copy or colorable imitation of the registered trademark to its website and other tangible items intended to be used in commerce or reach consumers in violation of 15 U.S.C. 1 14.

21. Each Defendant's infringing activities have caused and, unless enjoined by this Court, will continue to cause, irreparable injury and other damages to Plaintiff, its business, its reputation and goodwill because Plaintiff has no adequate remedy at law.

### B. CLAIM TWO

### INFRINGEMENT OF COMMON LAW RIGHTS IN TRADEMARKS AND TRADE NAME

22. As described in this Complaint, each Defendant has infringed upon Plaintiffs common law rights to its trademark and trade name. Plaintiff is the senior user of the mark **EZ EXIT NOW**. A likelihood of confusion exists between Plaintiff's mark and each Defendant's mark.

23. Each Defendant's infringement of Plaintiffs common law trademark and trade name has caused damages to Plaintiff entitling Plaintiff to an award of damages.

24. Each Defendant's infringing activities have caused and, unless enjoined by this Court, will continue to cause, irreparable injury and other damage to Plaintiff, its business, its reputation and goodwill because Plaintiff has no adequate remedy at law.

### C. CLAIM THREE

### VIOLATION OF THE TEXAS ANTI-DILUTION STATUTE

25. Plaintiff incorporates by reference the allegations set forth in the preceding paragraphs.

26. Plaintiff is the owner of the federal trademark registrations identified in this Complaint. The **EZ EXIT NOW** trademark is distinctive.

27. Each Defendant's use of the **EZ EXIT NOW** trademark will cause blurring or tarnishing of the **EZ EXIT NOW** trademark.

28. Each Defendant's infringing activities have caused and, unless enjoined by this Court, will continue to cause, irreparable injury and other damages to Plaintiff, its business, its reputation and goodwill because Plaintiff has no adequate remedy at law.

### D. CLAIM FOUR

### FALSE DESIGNATION OF ORIGIN UNDER 15 U.S.C. § 125(a)

29. As described in this Complaint, each Defendant's adoption and use of the infringing marks and domain name constitute a false designation of origin and/or a false and misleading description of its services and is likely to cause confusion, cause mistake and/or to deceive as to the affiliation, connection or association of Plaintiff or as to the origin, sponsorship or approval of the services of Plaintiff in violation of 15 U.S.C. § 1 125(a).

30. Each Defendant's infringing activities have caused and, unless enjoined by this Court, will continue to cause, irreparable injury and other damage to Plaintiff, its business, its reputation and goodwill because Plaintiff has no adequate remedy at law.

### E. CLAIM FIVE
### INJURY TO BUSINESS REPUTATION OR TRADEMARKS

31. As described in this Complaint, each Defendant has injured the business reputation of Plaintiff and diluted the distinctive quality of Plaintiff's common law trademarks.

32. The actions of each Defendant constitute an injury to the business reputation of Plaintiff and dilution of Plaintiff's proprietary trademarks in violation of Texas Business and Commerce Code Ann. §16.29.

### F. CLAIM SIX

### COMMON LAW UNFAIR COMPETITION

33. The above actions of each Defendant are a form of unfair competition that is prohibited under the common law of the State of Texas. Plaintiff has been damaged by this misconduct in an amount to be determined at trial.

### G. CLAIM SEVEN

### INJURY TO BUSINESS REPUTATION

34. As described in this Complaint, each Defendant has injured the business reputation of Plaintiff and diluted the distinctive quality of Plaintiff's common law trademarks.

35. The actions of each Defendant constitute an injury to the business reputation of Plaintiff and dilution of Plaintiff's proprietary trademarks in violation of Texas Business and Commerce Code Ann. § 16.29.

### VI. INJUNCTIVE RELIEF

36. Plaintiff seeks permanent injunctive relief pursuant to Texas common law, 15 U.S.C. §1116, and Texas Business & Commerce Code §16.29.

37. Plaintiff has no adequate remedy at law or otherwise for the harm or damage done by each Defendant because Plaintiffs business will be irreparably damaged, and such damage is difficult if not impossible to quantify. Plaintiff will suffer irreparable harm, damage, and injury unless the acts and conduct of each Defendant complained of above are enjoined because each Defendant's continued conduct is likely to cause confusion among customers

and vendors that will result in a loss of customers, reputation, goodwill, revenue, and profits, diminished marketing and advertising, and trademark dilution.

## VII. DAMAGES

**Damages**

38. Plaintiffs incorporate by reference each of the preceding paragraphs of this pleading into the allegations relating to this cause of action.

39. The actions of Defendant are in bad faith causing excessive damages to Plaintiff.

40. Defendant should be punished in an amount to stop such bad faith actions.

41. Attached are Exhibits A-D which are attached hereto and include an affidavit that are in support of the facts alleged herein.

42. Plaintiff has suffered damages to its business and business reputation in an amount within the jurisdiction limits of this court.

## VIII. ATTORNEY'S FEES

54. Plaintiff pleads for and is entitled to recover of its reasonable and necessary attorney's fees through settlement, trial, and/or appeal, as a result of Defendant's breach of contract.

## XI. PRAYER

Plaintiff prays that Defendants be cited to appear and answer the allegations contained in this Petition and that Plaintiff has the following relief:

(a) enter judgment against Defendants on all claims;

(b) award damages against Defendants and in favor of Plaintiff;

(c) enter a permanent injunction restraining each Defendant, together with its officers, employees, agents, successors and assigns or others acting in concert with them, from using the infringing trademarks and domain names in connection with its business; and

(d) Plaintiffs recover costs of suit.

(e) Plaintiffs recover their attorney's fees incurred herein.

(f) Plaintiff be awarded other and further relief that is necessary and property in the premises.

        Respectfully submitted,

        **COLLEEN M. McCLURE**
        **ATTORNEY AT LAW**

        By: /s/*Colleen M. McClure*
        **COLLEEN M. McCLURE**
        Texas Bar No. 24012121
        1101 Satellite View, Unit 203
        Round Rock, Texas, 78665
        Tel. (281) 440-1625
        Fax. (281) 946-5627
        colleen.mcclure@att.net
        **ATTORNEYS FOR PLAINTIFF**